J-S02028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE DUQUE | : | |
| | : | |
| Appellant | | No. 578 MDA 2019 |

Appeal from the PCRA Order Entered February 27, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001796-2017

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED JANUARY 30, 2020**

Appellant, Jose Duque, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and most of the procedural history of this case.  Therefore, we add only that on February 27, 2019, the PCRA court granted counsel's motion to withdraw following submission of a **Turner**/**Finley**[2] "no-merit" letter, and denied PCRA relief.  Appellant timely filed a *pro se* notice of appeal on March

---

[1] 42 Pa.C.S.A. § 9541-9546.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

22, 2019.  On March 25, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied *pro se* on April 10, 2019.

Appellant raises two issues for our review:

> DID THE PCRA COURT ERR[] WHEN IT GRANTED THE WITHDRAWAL OF [PCRA COUNSEL], WHERE SHE ADMITTED IN HER NO-MERIT LETTER THAT SHE DID NOT POSSESS ALL OF THE PERTINENT DOCUMENTS TO CONDUCT AN ADEQUATE AND INDEPENDENT INVESTIGATION INTO THE CASE TO DETERMINE WHETHER THERE EXISTED ANY MERITS TO THE *PRO SE* PCRA PETITION OR WHETHER ISSUES EXISTED OUTSIDE OF THE *PRO SE* PCRA PETITION, THUS, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT?
>
> DID THE PCRA COURT ERR WHEN IT DISMISSED [APPELLANT]'S PCRA PETITION WHERE [PLEA] COUNSEL RENDERED INEFFECTIVE [ASSISTANCE] FOR FAILING TO CONDUCT AN INVESTIGATION INTO…VICTIM CONCERNING HIS CRIMINAL BACKGROUND FOR VIOLENCE, THUS, CAUSING [APPELLANT], WHO HAS TROUBLE UNDERSTANDING THE ENGLISH LANGUAGE TO ACCEPT A GUILTY PLEA TO THIRD-DEGREE MURDER WHERE AN ARGUMENT COULD HAVE BEEN PURSUED FOR JUSTIFICATION, THUS, MAKING THE PLEA INVALID BASED UPON NO FACTUAL BASIS?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011).  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***,

923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no similar deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffery D. Wright, we conclude Appellant's issues merit no relief. In its opinion, the PCRA court comprehensively discusses and properly disposes of the questions presented. (***See*** PCRA Court Opinion, filed June 10, 2019, at 4-11) (finding: **(1)** though PCRA counsel did not have entire record available to her, she clarified that full paper discovery was sufficient to determine adequacy of plea counsel's representation and to confirm Appellant's PCRA claims lacked merit; counsel's no-merit letter provided thorough analysis of relevant law and detailed documents upon which counsel relied in making her decision; counsel's no-merit letter made clear that she met her obligations to review record diligently and to conduct independent investigation; thus, PCRA counsel substantially complied with requirements of ***Turner/Finley***; **(2)** investigation into Victim's background was not necessary because Appellant accepted responsibility for his actions in his guilty plea; to extent Appellant claims plea counsel was ineffective for advising Appellant to plead guilty because investigation into Victim would have resulted in successful justification/self-defense argument at trial, Appellant's claim fails;

circumstances of underlying incident did not justify Appellant's use of deadly force; to extent Appellant argues guilty plea is invalid because he did not understand plea due to difficulty understanding English, record belies Appellant's claim; Spanish interpreter was present during oral plea colloquy, and Appellant confirmed he understood interpreter; record demonstrates Appellant entered knowing, intelligent, and voluntary guilty plea).[3]  The record supports the PCRA court's rationale.  **See Conway, supra**.  Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

---

[3] To the extent Appellant purports to challenge plea counsel's effectiveness for failing to file a post-sentence motion attacking the discretionary aspects of sentencing, that argument is waived.  Appellant does not discuss the issue in the argument section of his brief or support the claim with citations to any legal authority.  **See** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (stating claim is waived where appellate brief does not include citation to relevant authority or fails to develop issue in any meaningful fashion capable of review).  Moreover, as the PCRA properly explained, Appellant entered a negotiated guilty plea and the court imposed the negotiated sentence, so Appellant could not have challenged the discretionary aspects of sentencing.  **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (explaining guilty plea which includes sentence negotiation ordinarily precludes defendant from contesting validity of his sentence other than to argue sentence is illegal or that sentencing court lacked jurisdiction).

- 4 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/30/2020

COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA    :

vs.    :    1796-2017

JOSE DUQUE    :

## OPINION

BY: WRIGHT, J.               June 10, 2019

## BACKGROUND

This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. Defendant, Jose Duque, appeals my February 27, 2019 Order dismissing his PCRA petition. Defendant raises several issues on appeal, primarily stemming from claims of ineffective assistance of his plea counsel and PCRA counsel. None of these claims have merit and the appeal should be denied.

On Sunday, February 26, 2017 several members of the Lancaster City Bureau of Police were dispatched to the 100 block of Dauphin Street based on a reported shooting. (Affidavit of Probable Cause, 1, August 18, 2017). Upon arrival, Officers Joseph Graczyk, Ziyi Skatz, and David Rachor found an unresponsive man, later identified as Daniel Sanchez, with several gunshot wounds, including one to his head. (Id.) Witnesses informed the officers that the shooter fled in a silver Honda Civic with damage on the rear end. (Id.) Later that day, Maranellely Mercado appeared at the Lancaster City police station requesting information about the victim. She told police that she had witnessed an argument between Daniel Sanchez and a man she knew as "Gabby" that ended with "Gabby" shooting Mr. Sanchez. (Id. at 2). Several other

witnesses were interviewed confirming the argument between "Gabby" and the victim and giving more information regarding the vehicle. Using this information and the general location of the shooting, officers conducted a search of the Bureau's License Plate Reader data and identified a matching vehicle: a silver Honda Civic registration KGF-8265. (Id. at 3). The registered owner of the vehicle had a son, Jose Gabriel Duque, whose physical description matched that given by witnesses. (Id.) When shown a photographic array, two witnesses positively identified Jose Gabriel Duque as the shooter. (Id.). A warrant was subsequently issued for Mr. Duque for Criminal Attempt Homicide, Aggravated Assault, and Firearms Not to be Carried Without a License. (Id. at 4). On February 28, 2017, Daniel Sanchez was pronounced dead at Lancaster General Hospital. (Id.). As a result, the charges were later amended to Criminal Homicide. On March 15, 2017, Mr. Duque appeared with his attorney, Lloyd Long III, at the Lancaster City Police station to surrender himself. (Id. at 5).

A trial was scheduled for February 12, 2018. (Scheduling Order, June 28, 2017). On January 11, 2018, Defendant scheduled a guilty plea for February 9, 2018. (Scheduling Order, January 11, 2018). On that date, Defendant pled guilty pursuant to a negotiated plea agreement to (1) murder of the third degree[1] and (2) firearms not to be carried without a license.[2] (Plea Agreement, February 9, 2019). Pursuant to the plea deal, Defendant was sentenced to 23 ½ to 47 years incarceration. (Sentencing Order, February 9, 2018). No appeal was filed.

---

[1] 18 Pa C.S.A. § 2502(c).
[2] 18 Pa C.S.A. § 6106(a)(1).

2

On October 22, 2018, Defendant filed a timely PCRA petition to restore his direct appeal rights *nunc pro tunc.* (PCRA Petition, October 22, 2018). As this was Defendant's first PCRA petition and he was indigent, I appointed MaryJean Glick, Esq. to represent him. (Order, October 29, 2018). After she completed a thorough review of the matter, Ms. Glick filed a letter pursuant to Commonwealth v. Finley and a Motion for Leave to Withdraw as Counsel on January 9, 2019. Commonwealth v. Finely, 379 Pa. Super. 390 (1988). I gave Defendant notice of intent to dismiss his request for PCRA on January 10, 2019. (Notice Pursuant to Pa.R.Crim.P. 907, January 10, 2019). On February 19, 2019 Defendant filed an Amended PCRA Petition, titled as "Objection to Pa. R. Crim. P Rule 907 Notice and No-Merit Finley Letter."[3] (Objection to Pa. R. Crim. P Rule 907 Notice and No-Merit Finley Letter, February 19, 2019). As this raised no new issues, I dismissed Defendant's PCRA on February 27. (Order, February 27, 2019). Defendant then filed this timely appeal from that Order.

## DISCUSSION

Defendant raises four claims in his Statement of Errors Complained of on Appeal. First, that I erred in granting the withdrawal of his court appointed attorney, MaryJean Glick. Second, that I erred in dismissing Defendant's PCRA when Defendant "clearly presented...alternative issue(s)...that had merit and could be supported by the facts." (Statement of Errors Complained of on Appeal, 3, April 10, 2019). Third, that I erred in dismissing Defendant's PCRA when plea counsel was ineffective for "failing to

---

[3] This amendment was timely filed as I had previously granted Defendant an extension of time to file and Amended PCRA Petition.

3

conduct an investigation into the victim." (Id.). Finally, that plea counsel was ineffective for failing to challenge the discretionary aspect of Defendant's aggregate sentence. (Id.)

### 1. Withdrawal of Court Appointed PCRA Counsel

Defendant's first claim is that I erred in granting Mary Jean Glick leave to withdraw following her submission of a Finley no-merit letter. Defendant claims that Ms. Glick should not have been permitted to withdraw as she "admitted" she did not possess all documents relevant to the claim.

A no-merit letter must prescribe to the mandates of Turner and Finley. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). This letter must detail the nature of the review conducted by counsel, list the issues petitioner wishes to raise, and explain why such issues lack merit. Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007). PCRA counsel must "zealously" and "diligently" review Defendant's case prior to submitting the no-merit letter. Id. . If the court agrees that the issues lack merit, it may grant withdrawal.

Ms. Glick filed a no-merit letter on January 9, 2019. It met all of the requirements of Turner/Finley, and after review I agreed that Defendant's desired claims did not have merit. As such, I permitted Ms. Glick to withdraw and gave Defendant leave to file an amended Petition for Post-Conviction Relief. (Order, February 27, 2019). Defendant's claim on this appeal mischaracterizes the statement in Ms. Glick's no-merit letter. Though Ms. Glick stated that she did not have the entire record available to her for

4

review,[4] she clarified that the full paper discovery was sufficient to determine the adequacy of Plea Counsel's representation and the lack of merit in the claims Defendant wished to raise. Her letter detailed which documents she relied on in her making her decision and provided a thorough analysis of the relevant law. (See generally No-Merit Letter, January 9, 2019). Despite the minor missing elements of the file, Ms. Glick's no-merit letter made clear that she met her obligations to diligently review the record and conduct an independent investigation. My own review of the record upon receipt of her no-merit letter led to the same conclusion. (See Order, February 27, 2019). Granting Ms. Glick's withdrawal was not an error.

## 2. Alternative Issues Presented in Defendant's *Pro Se* PCRA

Defendant claims that I also erred in dismissing his PCRA Petition as he "clearly presented" alternative issues of merit. (Def. Statement of Matters Complained of on Appeal, II). While it is in the interests of justice to construe Defendant's *pro se* filings liberally, and to address all discernable arguments he raises. Commonwealth v. Lyons, 833 A.2d 245 (Pa. Super. 2003), Rule of Appellate Procedure 1925(b)(4)(ii) requires the Defendant to identify his claims "with sufficient detail to identify all pertinent issues for the judge." (Pa. R.A.P. Rule 1925(b)(4)(ii)). After reviewing Defendant's original PCRA Petition, Ms. Glick's No-Merit Letter, Defendant's Objection to Rule 907 Notice, and Defendant's Statement of Matters Complained of on Appeal, it is unclear to which "alternative issues" Defendant is referring. Without Defendant identifying specific

---

[4] Plea Counsel sent the file to Defendant's grandmother, Evelyn Colon, and provided Ms. Glick with proof of delivery. Ms. Colon denied receiving any DVDs or CDs as part of this file. (No-Merit Letter, fn. 1, January 9, 2019).

5

alternative issues, I cannot evaluate the strength or legitimacy of his claim. It is not an error to dismiss vague statements merely because the petitioner is *pro se*.

### 3. And 4. Ineffectiveness of Counsel

Defendant's third and fourth claims allege that his plea counsel was ineffective for (1) failing to investigate the background of the victim and (2) failing to challenge the discretionary aspects of his sentencing. (Def. Statement of Matters Complained of on Appeal, III-IV). To prove a claim of ineffective assistance of counsel, "the petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2013). In both instances, Defendant's counsel provided effective assistance and his appeal should be denied.

Defendant first claims that his plea counsel was ineffective for failing to investigate the background of the victim when an "argument could have been pursued for justification." (Def. Statement of Matters Complained of on Appeal, III). As an initial matter, I note that Defendant pled guilty to his charges, and an investigation into the victim's background was not necessary where Defendant accepted responsibility for his actions. Since Defendant raises the issue of justification, which would not have been appropriate to raise until trial, I read his claim as alleging that he was ineffectively

6

advised to plead guilty when an investigation into the background of the victim would have resulted in a successful argument for justification at trial.

The underlying issue, the argument for justification, does not have merit. Defendant states that the victim had a "criminal background for violence" and was a "professional boxer." Likely, the justification Defendant wishes was raised is self-defense. "The use of force against a person is justified when the actor believes such force is *immediately necessary* for the purpose of protecting himself against the use of unlawful force by the other person." Commonwealth v. Emler, 903 A.2d 1273, 1279 (Pa. Super. 2006)(emphasis added). To successfully claim self-defense, a defendant charged with homicide must meet three elements: (1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and the use of deadly force was necessary to prevent such harm; (2) the defendant did not provoke the incident; and (3) the defendant did not violate any duty to retreat. Commonwealth v. Patterson, 180 A.3d 1217, 1231 (Pa. Super. 2018)(citing Commonwealth v. Mouzon, 53 A.3d 738, 740 (Pa. 2012). The Commonwealth then bears the burden of disproving self-defense beyond a reasonable doubt, and may do so through disproving any one of the three elements. Id.

The situation faced by Defendant was not one in which the use of deadly force could be justified. He got into a verbal fight, which turned physical, in the street in the middle of the day. Defendant's response was to pull out a firearm and shoot Daniel Sanchez at least three times, including once in the head. This level of force was not *immediately necessary* to prevent harm to Defendant. Indeed, it is difficult to think of a situation where multiple gunshots against an unarmed man would be necessary to

7

protect oneself. It was reasonable for Defendant's counsel to advise him to plead guilty knowing the likelihood that an argument for justification, with the facts of this case, would fail. As PCRA Counsel noted in her No-Merit letter, "a plea of guilty...gave Mr. Duque his best chance of avoiding a life sentence." (No-Merit Letter, 11).

Defendant further claims that Plea Counsel was ineffective for failing to challenge the discretionary aspects of his aggregate sentence. This argument fails on its face. Despite Defendant's claim otherwise, Defendant's sentence was negotiated at the time of his guilty plea and thus PCRA counsel could not challenge so-called "discretionary aspects" of his sentence. (See Motion to Withdraw as Counsel, Ex.A, 8, January 9, 2019). I simply accepted the plea as presented.

It is possible that Defendant is inarticulately claiming something else. To that end, I tried to construe the language of Defendant's Statement of Matters Complained of on Appeal as an intention to raise the issue that the plea itself was "'involuntary' and 'unintelligently'" made. (Def. Statement of Matters Complained of on Appeal, ¶ 2, April 10, 2019). Nonetheless, this claim is meritless as well.

To be lawfully received, a guilty plea must be knowingly, voluntarily and intelligently given. Commonwealth v. Morrison, 685 A.2d 1000, 1004 (Pa. Super. 1996). The law does not require the Defendant be pleased with the outcome, only that the decision was made knowingly, voluntarily, and intelligently. Id.; See also Commonwealth v. Myers, 642 A.2d 1103, 1105 (Pa. Super. 1994). The plea must be taken in open court and the court must confirm the Defendant understands six things before accepting: (1) the nature of the charges; (2) the factual basis for the plea; (3) that he is giving up his right to trial by jury; (4) that he is giving up the presumption of innocence; (5) he is aware of

8

the permissible sentence ranges; and (6) that the court is not bound by the terms of the agreement unless the court accepts them. Com. v. Prendes, 97 A.3d 337 (Pa. Super. 2014) (appeal denied). This must be confirmed through an on-the-record colloquy. Id.

Here, there was both a written colloquy prior to the plea and an on-the-record verbal colloquy confirming the knowing, voluntary, and intelligent nature of Defendant's plea. The written colloquy establishes many of the elements listed above.[5] Additionally, despite Defendant's claim that he did not understand the plea, as he has trouble understanding the English language, the colloquy states the Defendant's colloquy was taken with the presence and services of an interpreter. (Statement of Matters Complained of On Appeal, 3; Guilty Plea Colloquy and Post-Sentence Rights, Q.1-2, February 9, 2018). After going through the written colloquy, Defendant was brought before me for an on-the-record verbal colloquy where I confirmed each of the elements not covered by the written colloquy and ensured his answers in the written colloquy were accurate. During the verbal colloquy, a Spanish interpreter was used to ensure Defendant understood the proceedings.[6] (Transcript, Guilty Plea/Sentencing, 4, February 9, 2019). As part of that, I confirmed with him that he understood the interpreter. (Id.) Although Defendant stated that he had been treated for speech and

---

[5] See Guilty Plea Colloquy and Post-Sentence Rights, February 9, 2018 (Q. 34 "Do you understand that the maximum sentences you are facing are as follows:" accompanied by a small worksheet where Defendant must write out the charges and the accompanying maximum sentence and fine; Q.25 "Do you understand that you are presumed to be innocent until proven guilty by the Commonwealth beyond a reasonable doubt? Yes;" Q.26 "Do you understand that at trial the Commonwealth must prove each element or each part of each crime beyond a reasonable doubt? Yes;" Q.49-50 (assessing the voluntary nature of Defendant's plea to ensure that it is his decision and he has not been forced or threatened in any way)).

[6] "The Court: Please let the record reflect that we're communication with Mr. Duque through an official court interpreter. Do you understand the interpreter? Yes." (Transcript, Guilty Plea/Sentencing, 4, February 9, 2019).

9

hearing problems; I clarified on the record that he understood the proceedings and told him to inform the court if he had difficulty at any time. (Id. at 5). After ensuring that the answers given in the written colloquy were correct, I reviewed the charges with Defendant and the maximum penalties he faced. (Id. at 6-9). The Assistant District Attorney then summarized the charges against Defendant, giving an on-the-record account of the factual basis behind the charges. (Id. at 10)("Your Honor, this incident occurred on February 26th, 2017, in the 100 block of Dauphin Street in Lancaster City, Lancaster County. On that date, the defendant was on this block. He encountered the victim, Daniel Sanchez. There was a discussion which turned into a dispute. During this dispute, the defendant procured a firearm, discharged this firearm twice. Both bullets struck Mr. Sanchez and he died roughly two days later. The defendant fled the scene…and he does not have a concealed to carry permit that's valid in Pennsylvania."). I then reviewed the Defendant's "absolute right to a jury trial," his presumption of innocence, his right to counsel, and the burden of the Commonwealth. (Id. at 11). I explained the circumstances under which Defendant could appeal and informed him that "if I have **any** suspicion whatsoever that your plea is in any way involuntary I'm not going to accept it today." (Id. at 12). Defendant confirmed that he understood this and made a brief statement first to me and then to the family of the victim apologizing for what he had done. (Id. at 14). The Assistant District Attorney reviewed the terms of the plea agreement, and clarified that the Defendant, the District Attorney's office, and the family of the victim all agreed to the terms. (Id. at 16). I accepted the plea agreement as presented. Defendant's plea was "voluntarily and

10

knowingly" made. (Id. at 16). It is abundantly clear from the record that Defendant's plea was indeed knowingly, and voluntarily made and his appeal should be denied.

## Conclusion

Each of the errors Defendant claims do not have merit and his appeal should be dismissed. Accordingly, I enter the following:

11

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA     :

vs.     :     1796-2017

JOSE DUQUE     :

## ORDER

**AND NOW**, this _____ day of June, 2019 the Court hereby submits this Opinion

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

BY THE COURT:

JEFFERY D. WRIGHT
JUDGE

CLERK OF COURTS
2019 JUN 10 PM 1: 45
LANCASTER COUNTY, PA

COPIES TO:
Travis Anderson, Esq., Assistant District Attorney
Jose Duque, *pro se*, NG-8904, SCI Houtzdale, P.O. Box 1000, Houtzdale, PA 16698

12